UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL E. WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV01114 HEA |
| | ) | |
| SPORTS SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Marshall E. Wiggins's Motion to Appoint Counsel [ECF No. 3]. Additionally Defendant Sports Services[1] filed a Motion to Dismiss [ECF No. 14]. Plaintiff filed an opposition to the motion [ECF No. 17], to which Defendant replied [ECF No. 18].

*Plaintiff's Motion to Appoint Counsel*

On June 21, 2012, Plaintiff filed an Employment Discrimination Complaint ("Complaint"). The Complaint alleged Title VII violations based on race, color and religious discrimination and retaliation. *See* ECF No. 1. Also on June 21, 2012, Plaintiff filed a Motion to Appoint Counsel [ECF No. 3], in which Plaintiff contends that he is in poverty and cannot afford to hire an attorney. The Court notes

---

[1] Plaintiff's Complaint names "Sports Services" as defendant; however, as Defendant points out, the correct name of Plaintiff's employer–and of defendant herein–is "Missouri Sports Services, LLC."

that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Phillips v. Jasper County Jail* 437 F.3d 791, 794 -795 (8th Cir. 2006). The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir.2005). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiff's Complaint sets forth the facts upon which these claims are based, and Plaintiff has set forth the grounds upon which he claims his rights have been violated. This case does not appear to be so complex that Plaintiff is unable to pursue this action without the assistance of counsel. Having considered the factual complexity of the case, the basis upon which Plaintiff's claims rest, the ability of Petitioner to present his claim, and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court

concludes that appointment of counsel is not warranted at this time. Thus, Plaintiff's motions for appointment of counsel are denied.

## *Defendant's Motion to Dismiss*

On August 15, 2013, Defendant filed a Motion to Dismiss [ECF No. 14], alleging that Plaintiff has failed to state a claim upon which relief can be granted. The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give a short and plain statement "plausibly suggesting . . . that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). Under this standard, a claim is facially plausible where "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (internal citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal alterations and citations omitted). Thus, application of this standard

suggests a two-step analysis under which the Court may first determine (1) whether there are factual allegations in the complaint sufficient to entitle the plaintiff to "the assumption of truth," and if so, (2) "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. 1937, 1950; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must therefore take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555-56. The Court does not, however, accept as true any allegation that is a legal conclusion. *Iqbal*, 129 S.Ct. at 1949-50. The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed.

*Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*; *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Defendant's Motion to Dismiss alleges that Plaintiff's race and color discrimination claims must be dismissed for failure to exhaust administrative remedies. It is well settled that under Title VII, a plaintiff must exhaust his administrative remedies prior to filing suit. See 42 U.S.C. § 2000e–5(e); *Hogans v. Old Warson Country Club* WL 5222660, 1 -2 (8th Cir.,2011); *Malone v. Ameren UE*,646 F.3d 512, 516 (8th Cir.Mo.2011)(citing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)). Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge. *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) (quotations and citation omitted). Therefore, the breadth of the civil suit

is as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination. *Id.* Upon review of Plaintiff's April 6, 2012 Charge of Discrimination that he filed with the Equal Employment Opportunity Commission ("EEOC"), he only checked the boxes for "retaliation" and "religion."*See* ECF No. 1, Exh. 1 at 2. As such, Plaintiff failed to exhaust his administrative remedies with regard to his race and color discrimination claims; therefore, they are dismissed.

Defendant's Motion to Dismiss also alleges Plaintiff's retaliation claim must be dismissed for failure to allege any protected activity, and because it is time-barred. The *prima facie* elements of a Title VII retaliation claim are: 1) the plaintiff engaged in protected activity, 2) an adverse employment action was taken against the plaintiff, and 3) a causal connection exists between the two. *Barker v. Missouri Department of Corrections,* 513 F.3d 831, 835 (8th Cir. 2008). There are two types of cognizable protected activity: making a Title VII charge, or testifying, assisting, or participant in the investigation, proceeding, or hearing of a charge (the "participation" component); or opposing any employment practice which is unlawful under Title VII ("the "opposition" component). 42 U.S.C. §2000e-3; *Id.* at 834.

Defendant contends that Plaintiff's allegations regarding his "union complaint" (*see* ECF No. 1, ¶1), his "complaints about being denied seniority rights"

(*see* ECF No. 1, Exh. 1 at 2) and "a suggestion [Plaintiff] thought would build a better relationship between [he and his supervisor]" (*see* ECF No. 15, Exh. A at 2). Plaintiff's EEOC charge also alleges that he was retaliated against for saying "Lord Jesus" to himself in the presence of his supervisor. *See* ECF No. 1, Exh 1 at 2. The Court has carefully reviewed Plaintiff's claims in his Complaint and finds there are no allegations that he engaged in statutorily protected activity under Title VII. Even viewing Plaintiff's Complaint in the most favorable light to him, he has failed to state a claim of retaliation under Title VII. Simply put, Plaintiff is not claiming Defendant took adverse action against him based on protected activity under Title VII. *See Barker*, 513 F. 3d at 835; 42 U.S.C. §2000e-3. As such, Defendant's Motion to Dismiss is granted with regard to its dismissal request of Plaintiff's Title VII claims of retaliation. Because Plaintiff's retaliation claim is dismissed on these grounds, the Court need not address Defendant's time-barred argument.[2]

---

[2] To bring a claim under Title VII, the charge must be filed within 300 days of the occurrence. *Burrow v. Boeing Co.*, No. 4:09cv2073. 2011 U.S. Dist. LEXIS 45439, at *29–30,2011 WL 1594937 (E.D.Mo. Apr. 27, 2011)(citing 42 U.S.C. § 2000e–5(e)(1)). In Plaintiff's Memorandum to Explain Complaints [ECF No. 5], he cites incidents of retaliation dating back to 2005. As Defendant argues in its Motion to Dismiss, and as Plaintiff concedes in his Memorandum (see ECF No. 5 at 3), these claims are time-barred, as they were not filed within 300 days of the occurrence. Additionally, Plaintiff first raised these claims in his Memorandum to Explain Complaints; not in his original complaint. As such, the Court need not address these allegations.

Next, Defendant contends that any allegations by Plaintiff claiming that there was a breach of the collective bargaining agreement, or the duty of fair representation, fail to state a claim because such allegations are untimely and otherwise fail to satisfy the requirements of a §301 hybrid claim. Under §301 of the Labor Management Relations Act ("LMRA"), before an employee may bring suit against his or her employer for breach of a collective bargaining agreement, the employee must "at least attempt to exhaust exclusive grievance procedures established by the collective bargaining agreement." *Vaca v. Sipes,* 386 U.S. 171, 184 (1967). Plaintiff asserts a vague allegation by stating "I feel that the Union failed to represent me." *See* ECF No. 1, ¶12. This allegation, and his other assertions that there were violations of the collective bargaining agreement, all fasl outside the scope of a Title VII claim. Additionally, Plaintiff has failed to attempt to exhaust his administrative remedies by initiating the dispute resolution process as required by the collective bargaining agreement. Plaintiff does not dispute this. As such, Plaintiff has failed to raise a proper §301 hybrid claim due to his failure to exhaust and his claims regarding the violation of the collection bargaining agreement are dismissed.

Defendant's final argument is that Plaintiff's religious discrimination claim must be dismissed because the alleged circumstances of the incident demonstrate that Plaintiff cannot make a *prima facie* case or show that Defendant's stated reason

8

was pretextual. Additionally, Defendant argues that even if Plaintiff could make a *prima facie* case, he did not suffer any adverse material action. Plaintiff's Complaint alleges that he believes he was discriminated against because of his religion (*see* ECF No. 1 at 5); however, it alleges nothing more than that. In his Charge of Discrimination, Plaintiff contends "I believe I was discriminated against due to my religion on 11/23/11, in that I was sent home from work after saying the phrase, "Lord Jesus", in the presence of my supervisor." ECF No. 1, Exh. 1 at 2.

Title VII prohibits an employer from discharging or discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's religion. 42 U.S.C. §2000e(a)(1); *Jones v. TEK Industries, Inc.,* 319 F.3d 355, 358-359 (8th Cir.2003). To establish a *prima facie* case of religious discrimination under Title VII, Plaintiff must show that they had a bona fide religious belief that conflicts with an employment requirement; that they informed their employer of the this belief; and that they were disciplined for failing to comply with a conflicting requirement of employment. *Id.*; *Ansonia Bd. Of Educ. v. Philbrook,* 479 U.S. 60, 65-66, 107 S.Ct. 367, 93, L.Ed.2d 305 (1986). The incident that Plaintiff raises in his Charge of Discrimination does not amount to an incident of discrimination under Title VII and the authoritative case law. Plaintiff merely uttered an exclamation out of dismay. Defendant's actions to send Plaintiff

9

home were in no way based on Plaintiff or Defendant's religious orientation. In fact, Plaintiff offers no evidence that he had a bona fide religious belief, or that his employer was ever aware of his religious orientation. As such, Plaintiff's Title VII religious discrimination claim fails and will be dismissed.

## Conclusion

For the reasons outlined above, Plaintiff's Motion to Appoint Counsel is denied. Additionally, Defendant's Motion to Dismiss is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Marshall E. Wiggins's Motion to Appoint Counsel [ECF No. 3] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Sports Services's Motion to Dismiss [ECF No. 14] is **GRANTED**.

Dated this 29th day of March, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE